Mrs. M. E. Connell v. J. W. Norment et al.

[59 South. 89.]

Adverse Possession. *Evidence. Color of title.*

Where a tract of land is claimed by adverse possession, but such possession is not held, under any color of title its boundaries cannot be extended by construction beyond the land actually occupied.

Appeal from the circuit court of Oktibbeha county.

Hon. Z. P. Landrum, Special Judge.

Ejectment by Mrs. M. E. Connell against J. W. Norment et al. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. W. Magruder,* for appellant.

*B. F. Bell,* for appellees.

No brief of counsel on either side found in the record.

Smith, J., delivered the opinion of the court.

This was a suit in ejectment, instituted by appellant, to recover of appellees the possession of a strip of land, fifty yards wide, off of the east side of the west half of the northwest quarter, section 23, township 19, range 13 east. At the close of the evidence the court instructed the jury peremptorily to find for appellees, and there was a verdict and judgment accordingly.

Appellant is the owner of this land, unless title thereto has been acquired by appellee Parker by adverse possession. Appellee Parker is the owner of the land adjoining that in controversy, to wit, the east half of the northwest quarter of the section, having purchased it from appellee Norment. More than twenty years prior

to the institution of this suit, a line, known as the "Cooper line," and supposed by all parties to be the dividing line between the east and the west half of this quarter section, was in some manner, and for some reason undisclosed, established. The southern portion of both the east and west half of this quarter section is in cultivation; appellant being in possession of and cultivating that portion west of the Cooper line, and appellee Parker and his grantor, Norment, being, and having been for more than ten years prior to the institution of this suit, in the possession and cultivation of that portion east of the Cooper line, claiming it as their own under the mistaken belief that it was a portion of the east half of the quarter section.

Until within less than ten years prior to the institution of this suit there was no actual possession by anyone of the northern portion of this strip of land in controversy. This northern portion, together with the land on either side thereof in the east and west half of the quarter section, is wild land, and it does not definitely appear of what use it is susceptible. The only evidence of acts of ownership having been exercised over it, until within ten years of the institution of the suit, is that contained in the testimony of appellee Norment, who stated that he had driven and had ridden over it frequently, and that he had once showed the timber thereon to a stave man with a view of selling it to him, and that contained in the testimony of the witness Perkins that "we cut wood down there, and got crossties and a few staves there." When and how often this was done does not appear. That portion of this land which is in cultivation was incolsed by a wire fence; and more than ten years prior to the institution of this suit a fence, consisting of poles nailed to posts and trees, was constructed running from north to south at or near the Cooper line, extending the full length of the uninclosed portion of the land; but the undisputed testimony

is that this fence was not built by anyone through whom appellees claimed, but that it was built by persons residing in that neighborhood, including appellant's husband, for the purpose of restricting the range of the cattle belonging to such persons.

Appellees are, and had been for more than ten years prior to the institution of this suit, in possession of the southern portion of this land; but, since such possession is not held under any color of title, it cannot be extended by construction beyond the land actually occupied, and consequently appellant, on this evidence, is entitled to recover the northern portion of the land in controversy. The court, therefore, erred in granting the peremptory instruction.

The suggestion of error is sustained, the judgment heretofore entered in this court is set aside, and the judgment of the court below reversed and the cause remanded.

*Reversed and remanded.*